IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MCGIP, LLC ) | |
| ) | CASE NO.: 1:11-cv-00937 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge: William J. Hibbler |
| ) | Magistrate Judge: |
| DOE ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

**PLAINTIFFS' MEMORANUDM OF LAW IN SUPPORT OF EXPEDITED DISCOVERY**

Plaintiff, through its undersigned counsel, pursuant to Federal Rules of Civil Procedure 26 and 45, hereby moves this Court *ex parte* for an Order permitting Plaintiff to conduct limited expedited discovery.

### I. INTRODUCTION

Plaintiff is the exclusive licensee of the right to reproduce and distribute via the BitTorrent protocol the copyrighted creative works relevant to this action (the "Works"). Using BitTorrent-based so-called "peer-to-peer" ("P2P") file "swapping" networks, Defendants' infringements allow them and untold others to unlawfully obtain and distribute for free the copyrighted Works in which substantial money was invested to create. Plaintiff sued Defendant as a Doe Defendant because Defendant committed his infringements under the cover of an IP address and not his actual name. The IP addresses for the Doe Defendants Plaintiff has identified as of the date of this Motion is included in the Complant.

Plaintiff seeks leave of Court to serve limited discovery prior to a Rule 26(f) conference on a non-party Internet Service Provider ("ISP's") solely to determine the true identity of the

Doe Defendant that Plaintiff has identified during the course of this litigation, as Plaintiff's infringement monitoring efforts are on-going and continuing. The only way that Plaintiff can determine Defendant's actual name is from the ISP to which Defendant subscribes and from which Defendant obtains Internet access. This information is readily available to the ISP from the documents it keeps in its regular course of business.

In recent years, federal district courts throughout the United States, including this Court have granted expedited discovery in Doe Defendant lawsuits that are factually similar, if not identical, to this instant lawsuit.[1] In these cited cases and others like them, copyright holder plaintiffs have obtained the identities of P2P network users from ISPs through expedited discovery using information similar to that gathered by Plaintiff in the instant case, and they have used that information as the basis for their proposed subpoenas to these ISPs. Plaintiff respectfully requests that this Court follow the well-established precedent, and grant this motion for expedited discovery against the ISP associated with the IP address listed in the Complaint filed in this action.

---

[1] Such cases include Motown Record Co., L.P. et al. v. Does 1-16, Case No. 04 C 3019 (N.D. Ill.) (Nolan, M.J.); Lions Gate Films, Inc., et al. v. Does 1-23, Case No. 04 C 7398 (N.D. Ill.) (Gottschall, J.); Voltage Pictures, LLC v. Does, Case No. 1:10-cv-00873-RMU (D.D.C.) (RMU); Metro-Goldwyn-Mayer Pictures Inc., et al. v. Does 1-10, Case No. 04-2005 (JR) (D.D.C.) (Robertson, J.); Twentieth Century Fox Film Corporation, et al. v. Does 1-9, Case No. 04-2006 (EGS) (D.D.C.) (Sullivan, E.); Lions Gate Films, Inc., et al. v. Does 1-5, Case No. 05-386 (EGS) (D.D.C.) (Sullivan, E.); UMG Recordings, et al. v. Does 1-199, Case No. 04-093 (CKK) (D.D.C.) (Kollar-Kotelly, C.); Caroline Records, Inc., et al. v. Does 1-175, Case No. 04 2028 (D.D.C.) (Lamberth, R.); Paramount Pictures Corporation, et al. v. Does 1-8, Case No. 05-535 (D.N.J.) (Wolfson, F.); Columbia Pictures Industries, Inc. v. John Doe, Case No. CV05-0134Z (W.D.Wash.) (Zilly, T.); Warner Bros. Entertainment Inc., et al. v. Does 1-7, Case No. 05 CV 0883 (S.D.N.Y.) (Cote, D.); Screen Gems, Inc., et al. v. Does 1-34, Case No. SA04CA1038OG (W.D. Tex.) (Garcia, O.); Columbia Pictures Industries, Inc., et al. v. Does 1- 10, Case No. 1:05CV515-BBM (N.D. Ga.) (Martin, B.); Paramount Pictures Corporation, et al. v. Does 1-11, Case No. 4 05CV00335CAS (E.D. Mo.) (Shaw, C.); Columbia Pictures Industries, Inc. v. John Doe (67.123.19.140), Case no. C 04 5243 (N.D. Cal.) (Hamilton, P.); Metro- Goldwyn-Mayer Pictures Inc., et al. v. Does 1-2, Case No. 05CV0761-B (POR) (S.D. Cal.) (Porter, L.); Disney Enterprises, Inc., et al. v. Does 1-18, Case No. 05-RB-339(CBS) (D. Colo.) (Shaffer, C.).

As alleged in the Complaint, the Doe Defendant, without authorization, used an online BitTorrent protocol-based peer-to-peer ("P2P") media distribution system to download the copyrighted works and distribute copyrighted works to the public, including by making the copyrighted works available for distribution to others, all in direct infringement of Plaintiff's exclusive license. See Complaint. Because Defendant operated under the cover of network addresses when they swarmed and distributed the copyrighted works, Plaintiff does not know the Defendants' actual names. See Declaration of David Pfister ("Pfister Decl."), ¶¶ 21-22, attached to this Motion as Exhibit A. However, Plaintiff has identified Defendant by a unique Internet Protocol ("IP") address assigned to that Defendant by his/her ISP on the date and at the time of the Defendant's infringing activity. See Id., ¶ 15. Plaintiff also made a copy of substantial portions of the copyrighted work that Defendant unlawfully distributed or made available for distribution through the file sharing networks, and confirmed that such file contained the work that is covered by Plaintiff's license. See Id., ¶ 19. All of this information was gathered by a technician through specific systems and procedures designed to ensure that the information gathered about Doe Defendant was accurate. See Id., ¶ 12.

Plaintiff has identified an ISP that provided Internet access to Defendant, and assigned the unique IP address to the Defendant, from information provided to it by Media Copyright Group, LLC ("MCG"), which used its proprietary file sharing forensic software to capture the IP address for the Defendant. See Id., ¶¶ 15-17. When provided with a Defendant's IP address and the date and time of the infringing activity, an ISP can identify the name and address of the Doe Defendant (*i.e.*, the ISP's subscriber), as well as the date of the infringing activity, because that information is contained in the ISP's subscriber activity log files. See Id., ¶¶ 21-22.

ISPs typically keep log files of subscriber activities for only limited periods of time –

sometimes for as little as weeks or even days -- before erasing the data. See Id., ¶¶ 21-22. However, some ISPs lease or otherwise allocate certain of their IP addresses to other unrelated, intermediary ISPs. See Id., ¶ 24. Since these lessor ISPs, as a consequence, have no direct relationship – customer, contractual, or otherwise – with the end-user, they are unable to identify the Doe Defendant through reference to their user logs. Id. The intermediary ISPs, though, should be able to identify the Doe Defendant by reference to their own user logs and records. Id. Accordingly, Plaintiff seeks leave to serve on the ISP it has identified, and continues to identify as it continues to monitor torrent-based infringement of Plaintiff's Works, limited, immediate discovery sufficient to determine the Doe Defendant's true identity. To the extent that any ISP, in turn, identifies a different entity as the ISP providing network access and online services to the Doe Defendant, Plaintiff also seeks leave to serve, on any such later identified ISP, limited discovery sufficient to identify the Doe Defendant prior to the Rule 26 conference.

Plaintiff requests permission to serve a Rule 45 subpoena on the ISP it has identified as of this date, and those it identifies in the future, the true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address (data available only to the ISP that identifies the specific computer used for the infringing activity) of the Doe Defendant that it has identified to date, and those it identifies in the future during the course of this litigation. Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information, Plaintiff cannot pursue its lawsuit to protect its rights from ongoing and repeated infringement. See Id., ¶ 21.

If the Court grants this Motion, Plaintiff will serve a subpoena on the ISP requesting the identifying information. If the ISP cannot itself identify the Doe Defendant but does identify an intermediary ISP as the entity providing online services and/or network access to such

4

Defendant, Plaintiff will then serve a subpoena on that ISP requesting the identifying information for the relevant Doe Defendant. In either case, the ISP will be able to notify their subscribers that this information is being sought, and the Defendant will have the opportunity to raise any objections before this Court prior to the return date of the subpoena. Thus, to the extent that the Defendant wishes to object, he or she will be able to do so.

## II. ARGUMENT

Courts routinely allow discovery to identify "Doe" defendants. See, e.g., Murphy v. Goord, 445 F.Supp.2d 261, 266 (W.D. New York 2006) (in situations where the identity of alleged defendants may not be known prior to the filing of a complaint, the plaintiff should have an opportunity to pursue discovery to identify the unknown defendants); Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery); Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997) (plaintiff should have been permitted to conduct discovery to reveal identity of defendant); Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992) (error to deny plaintiff's motion to join John Doe defendant where identity of John Doe could have been determined through discovery); Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985) (error to dismiss claim merely because defendant was unnamed; "Rather than dismissing the claim, the court should have ordered disclosure of Officer Doe's identity."); Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) ("where the identity of alleged defendants [are not] known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants."); Maclin v. Paulson, 627 F.2d 83, 87 (7th Cir. 1980) (where "party is ignorant of defendants' true identity . . . plaintiff should have been permitted to obtain their identity through limited discovery."); Equidyne Corp. v. Does 1-21, 279 F. Supp. 2d 481,

483 (D. Del. 2003) (allowing pre-Rule 26 conference discovery from ISPs to obtain identities of users anonymously posting messages on message boards). In similar copyright infringement cases brought by motion picture studios and record companies against Doe defendants, courts have consistently granted plaintiffs' motions for leave to take expedited discovery to serve subpoenas on ISPs to obtain the identities of Doe Defendants prior to a Rule 26 conference. See Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1, 2 (D.D.C. 2007) (allowing plaintiffs to serve a Rule 45 subpoena upon Georgetown University to obtain the true identity of each Doe defendant, including each defendant's true name, current and permanent addresses and telephone numbers, email address, and Media Access Control ("MAC") address) (citing Memorandum Opinion and Order, UMG Recordings, Inc. V. Does 1-199, No. 04-093(CKK) (D.D.C. March 10, 2004); Order, UMG Recordings v. Does 1-4, 64 Fed. R. Serv.3d (Callaghan) 305 (N.D.Cal. March 6, 2006).

    Courts consider the following factors when granting motions for expedited discovery to identify anonymous Internet users: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe Defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss. Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); see also Rocker Mgmt. LLC v. John Does, No. 03-MC-33 2003 WL 22149380, *1-2, (N.D. Cal. 2003) (applying Seescandy.com standard to identify persons who posted libelous statements on Yahoo! Message board; denying request for expedited discovery where the postings in question were not libelous). Plaintiff here is able to demonstrate each one of these factors.

First, Plaintiff has sufficiently identified the Doe Defendant through the unique IP address that the Doe Defendant was assigned at the time of the unauthorized distribution of the copyrighted Works. See Seescandy.com, 185 F.R.D. at 578-80. See Pfister Decl., ¶¶ 15-17. Defendant gained access to the Internet through its ISP (under cover of an IP address) only by setting up an account with the ISPs See generally Id. The ISP can identify the Defendant by name through the IP address by reviewing its subscriber activity logs. See Id., ¶¶ 21-23. Thus, Plaintiff can show that the Defendant is a "real person" whose name is known to the ISP and who can be sued in federal court.

Second, Plaintiff has specifically identified the steps taken to identify Defendant's true identity. Id., ¶¶ 12-20. Plaintiff has obtained the Defendant's IP address and the date and time of the Defendant's infringing activities, has traced the IP address to a specific ISP, and has made a copy of the Work the Defendant unlawfully distributed or made available for distribution. Id. ¶¶ 15-18. Therefore, Plaintiff has obtained all the information it possibly can about the Defendant without discovery from the ISP.

Third, Plaintiff has asserted a prima facie claim for direct copyright infringement in its Complaint that can withstand a motion to dismiss. Specifically, Plaintiff has alleged that: (a) it is an exclusive licensee of BitTorrent-based reproduction and distribution rights for the Works for which a valid registration has been made or, as applicable, an application for registration has been filed, and (b) the Doe Defendant copied or distributed the copyrighted Works without Plaintiff's authorization. See Complaint. These allegations state a claim for copyright infringement. See 17 U.S.C. §106(1)(3); In re Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003), cert. denied, 124 S. Ct. 1069 (U.S. Jan. 12, 2004) ("Teenagers and young adults who have access to the Internet like to swap computer files containing popular music. If the music is

copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright."); A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1014-15 (9th Cir. 2001) ("Napster users who upload file names to the search index for others to copy violate plaintiffs' distribution rights. Napster users who download files containing copyrighted music violate plaintiffs' reproduction rights.").

Courts have wide discretion in discovery matters and have also allowed expedited discovery when "good cause" is shown. See Warner Bros. Records, Inc. v. Does 1-6, 527 F.Supp.2d 1, 2 (D.D.C. 2007); Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002); Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003); Entertainment Tech. Corp. v. Walt Disney Imagineering, No. Civ. A. 03-3546, 2003 WL 22519440, at 4 (E.D. Pa. 2003) (applying a reasonableness standard; "a district court should decide a motion for expedited discovery on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances.") (quotations omitted); Yokohama Tire Corp. v. Dealers Tire Supply, Inc., 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (applying a good cause standard).

Good cause exists here because ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data. See Pfister Decl. ¶ 21-23. If that information is erased, Plaintiff will have no ability to identify the Defendant, and thus will be unable to pursue its lawsuit to protect its exclusive rights. Id. Where "physical evidence may be consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the litigation," good cause for discovery before the Rule 26 conference exists. Qwest Comm., 213 F.R.D. at 419; see also Pod-Ners, LLC v. Northern Feed & Bean of Lucerne LLC, 204 F.R.D. 675, 676 (D. Colo. 2002) (allowing discovery prior to Rule 26 conference to

inspect items in defendant's possession because items might no longer be available for inspection if discovery proceeded in the normal course).

Good cause exists here for the additional reason that a claim for copyright infringement presumes irreparable harm to the copyright owner. See UMG Recordings, Inc. v. Doe, 2008 WL 4104214 (N.D. Cal. 2008) (finding good cause for expedited discovery exists in Internet infringement cases, where a plaintiff makes a prima facie showing of infringement, there is no other way to identify the Doe defendant, and there is a risk an ISP will destroy its logs prior to the conference); 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright, § 14.06[A], at 14-03 (2003); Elvis Presley Enter., Inc. v. Passport Video, 349 F.3d 622, 631 (9th Cir. 2003). The first and necessary step that Plaintiff must take to stop the infringement of its valuable copyright license is to identify the Doe Defendant who is copying and distributing the Works. This lawsuit cannot proceed without the limited discovery Plaintiff seeks because the ISPs are the only entities that can identify the otherwise anonymous Defendants. Courts regularly permit early discovery where such discovery will "substantially contribute to moving th[e] case forward." Semitool, 208 F.R.D. at 277.

Finally, Defendant has no legitimate expectation of privacy in the subscriber information it provided to the ISP, much less in downloading and distributing copyrighted the Works without permission. See Interscope Records v. Does 1-14, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008) (a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment; Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); Sony Music Entertainment, Inc. v. Does 1–40, 326 F.Supp.2d 556, 566

9

(S.D.N.Y. 2004) ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"); Arista Records, LLC v. Doe No. 1, 254 F.R.D. 480, 481 (E.D.N.C. 2008); U.S. v. Hambrick, 55 F.Supp.2d 504, 508 (W.D. Va. 1999), aff'd, 225 F.3d 656 (4th Cir. 2000). This is because a person can have no legitimate expectation of privacy in information he or she voluntarily communicates to third parties. See, e.g., Smith v. Maryland, 442 U.S. 735, 743-44 (1979); U.S. v. Miller, 425 U.S. 435, 442-43 (1976); Couch v. U.S., 409 U.S. 322, 335-36 (1973); Leis, 255 F.3d at 335; U.S. v. Kennedy, 81 F.Supp.2d 1103, 1110 (D. Kan. 2000); Hambrick, 55 F.Supp.2d at 508.

Although Defendant copied and distributed the Works without authorization under the cover of his IP address, his conduct was not thus anonymous. Using publicly available technology, the unique IP address assigned to the Defendant at the time of infringement can be readily identified. See generally Pfister Decl. When Defendant entered into a service agreement with his ISP, he knowingly and voluntarily disclosed personal identification information to it. As set forth above, this identification information is linked to the Defendant's IP address at the time of infringement, and recorded in the ISPs' respective subscriber activity logs. Since Defendant can, as a consequence, have no legitimate expectation of privacy in this information, this Court should grant Plaintiff leave to seek expedited discovery of it. Absent such leave, Plaintiff will be unable to protect its license in the copyrighted Works from continued infringement.

Where federal privacy statutes authorize disclosure pursuant to a court order, courts have held that a plaintiff must make no more than a showing of relevance under the traditional standards of Rule 26. See Laxalt v. McClatchy, 809 F.2d 885, 888 (D.C. Cir 1987) (court found "no basis for inferring that the statute replaces the usual discovery standards of the FRCP . . . with a different and higher standard"); Pleasants v. Allbaugh, 208 F.R.D. 7, 12 (D.D.C. 2002);

accord Lynn v. Radford, No. 99-71007, 2001 WL 514360, at *3 (E.D. Mich. 2001); Gary v. United States, No. 3:97-CV-658, 1998 WL 834853, at *4 (E.D. Tenn.); see also In re Gren, 633 F.2d 825, 828 n.3 (9th Cir. 1980) ("court order" provision of Fair Credit Reporting Act requires only "good faith showing that the consumer records sought are relevant") (internal quotation omitted). Plaintiff clearly has met that standard, as the identity of Defendants is essential to Plaintiff's continued prosecution of this action.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully submits that the Court should grant the *Ex Parte* Motion for Expedited Discovery and enter an Order substantially in the form of the attached Proposed Order.

Respectfully submitted,

MCGIP, LLC

**DATED:** February 11, 2011

By:  /s/ John Steele
John L. Steele (Bar No. 6292158)
Steele Hansmeier PLLC
161 N. Clark St.
Suite 4700
Chicago, IL 60601
312-893-5888;  Fax 312-893-5604
jlsteele@wefightpiracy.com
*Attorney for Plaintiff*